Tilghman C. J.
after stating the case, delivered his opinion as follows.
If the copy was evidence it must be by virtue of the act of assembly of the 28th March 1803 ; for it certainly was not evidence by the rules of the common law. This act of assembly was made for the purpose of directing the manner in which sheriffs and coroners should give security for the faithful performance of their official duties. It requires that they should give a bond, and also enter into a recognizance in a sum mentioned in the act, with securities, to be approved in the first place b}7 the county court, and afterwards by the governor. The second section on which this case turns, directs that the recognizance and bond “ shall be taken and duly recorded by the recorder of deeds of the county, and when so taken and recorded, shall be by him indorsed as duly recorded, and forthwith *transmitted to the secretary of the commonwealth, who shall file the same in his office, copies whereof under the hand and seal of office, of the said secretary or recorder, shall be admitted as legal evidence in any suit, &c.” It appears then, that the law entrusted the recorder with the duty of taking the bond, and putting it upon record; and this being done and certified by him, the secretary was authorized to file it in his office, and deliver copies, which should be legal evidence. But neither the recorder, nor the secretary had any right to deliver copies, until the bond was recorded ; for until then there was no proof of its execution. The secretary ought not to have put this bond on file, because he had not received the evidence of its execution required by the act, viz. the indorsement of the recorder proving that it was recorded in the proper county. It is true that there is on this bond, a certificate of the prothonotary of Indiana county, that the Court of Common Pleas “ approved of the sureties of Samuel Young as coroner elect;” but that is of no consequence, because the act directs, that *106 the sureties shall be approved of before the bond is taken. It is also true, that the name of Alexander M’Clean is subscribed as one of the witnesses to the bond; and we are told, that Alexander M’Clean was prothonotary and recorder of deeds of Indiana county. But still there is no evidence that the bond was executed. The common law requires the oath of a subscribing witness, and the act of assembly directs that the bond shall be recorded and certified by the recorder in an indorsement thereon. I am clearly of opinion therefore, that the copy produced by the plaintiff was not legal evidence, and that the judgment of the Court of Common Pleas should be reversed, and a venire facias de novo awarded.
Yeatbs J.
This suit was brought on the official bond of a coroner given under the act of 28th March 1803. Several errors have been assigned therein, but I shall content myself with considering one only of them which I apprehend to be fatal. Two pleas were put in, non est factum and performance of the condition of the bond, upon which issues wmre joined. In support of the first issue in behalf of the commonwealth was offered a copy of the bond declared on from the office of the secretary of the commonwealth, with *cei’tificate thereto attached; but it did not appear thereby, that the bond had been recorded in the recorder’s office of Indiana county. Exception was taken thereto upon tbe ground of that defect, but the Court of Common Pleas overruled the objection.
No common law proof of the execution of the bond was offered, by the oaths or affirmations of the subscribing witnesses ; nor was it acknowledged by the obligors, nor proved by the witnesses, before a judge or justice of the peace, according to the forms prescribed in the case of deeds, to entitle them to be placed on record.
But it has been contended, that by the terms of the act of March 1803, the authenticated copy by the secretary of the commonwealth was made legal evidence. The secretary was not authorized to put this bond on the files of his office, until it was recorded in the proper county, and so indorsed. Though the act is silent as to the mode of proof previous to its being recorded, I presume that proof must be analogous to the cases of conveyances of lands. At all events, there was a personal responsibility in the recorder, if he puts on the record a bond which was not genuine. Without this there would be no security. The seals and subscriptions of any man might be affixed to any official obligation without his knowledge or consent, and by its being transmitted to *107 the secretary of the commonwealth, he might be exposed to great difficulties and expense. When an act of assembly makes innovations on established rules, its positive institutions must precisely be pursued. This not having been done 'in the present instance, I am of opinion, that the copy of the bond was improperly received in evidence; and, therefore, that the judgment of the Court of Common Pleas be reversed, and a new trial be awarded.
JBraciienridge J. concurred.
Judgment- reversed.
[Distinguished in 4 W. 365.]